931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Richard Lynn WRIGHT, Plaintiff-Appellant,
v.
Gary W. DELAND, individually and as Director of the
Department of Corrections, State of Utah; Gerald L. Cook,
individually and as Acting Warden, Utah State Prison; Becky
Ingle; Robin Williams; James Padgett; Mark A. Glancy,
individually and as Correctional Officers, Utah State
Prison; Does A Through X; Steve S. Miner, Correctional
Officer, Utah State Prison; Leon H. Walton, Correctional
Officer, Utah State Prison; Does 1-X; Rick Corsi; Steve
Winters; and Ron Ortiz, Defendants-Appellees.
 No. 90-4161.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Richard Wright, an inmate confined at the Utah State Prison (U.S.P.), appeals the district court's dismissal of his complaint brought under 42 U.S.C. Sec. 1983 (1988). Mr. Wright's appeal involves the consolidation of three lawsuits. Although all three suits involve the alleged improper disposal of appellant's property, we will address separately his claims in each case.
 
 Case No. 88-C-888G
 
 3
 In 1988, the U.S.P. implemented a new policy whereby each inmate was allowed to possess only one electrical appliance. Unlike the previous policy, property retained by the U.S.P. no longer had to be inventoried and stored until an inmate's release. Instead, the U.S.P. required inmates to dispose of such property within thirty days.[1]
 
 
 4
 Appellant possessed a television, fan and radio/cassette player. Faced with the new property limitation, he chose to keep the television set. The district court found that appellant gave the other two items to Ms. Lorretta Derr. He then changed his mind about giving away the property and, after filing an inmate grievance, the U.S.P. retrieved the items.
 
 
 5
 Pursuant to the new policy, appellant was given thirty days to dipose of the fan and radio/cassette player. He wished to have them stored until his release, but this option was not available. When appellant did not dispose of the items within thirty days, they were donated to charity.
 
 
 6
 Appellant argues that respondents' disposal of his personal property was in violation of his rights under the Due Process Clause of the fourteenth amendment. Specifically, appellant maintains that he was denied due process because he was not given an opportunity to sell the fan and radio/cassette player. He directs our attention to Gerrish v. DeLand, 88-C-811 A (D.C.Utah 1990), where the court found that the U.S.P. policy was constitutionally deficient because it did not properly take into consideration an inmate who does not want to donate his property to charity and who has no friends or relatives who will keep his property until discharge. The court in Gerrish determined that the U.S.P. must give such an inmate a reasonable opportunity to sell the property in a commercially reasonable manner.
 
 
 7
 Although the district court acknowledged the ruling in Gerrish, it concluded that the constitutional inadequacy of the prison policy was not clearly established and that, therefore, respondents were qualified immune from appellant's claims for monetary relief. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).
 
 
 8
 We affirm the district court's finding of qualified immunity. Gerrish was not decided until 1990. Appellant's property was donated in 1988. We do not decide whether we agree with the conclusion in Gerrish that the underlying policy is unconstitutional because, even assuming the constitutional deficiencies of the prison policy, they were not clearly established at the time appellant's property was donated.
 
 
 9
 In addition to money damages, appellant has requested that we craft a predeprivation procedure for future disposal of inmates' property. Although equitable relief is available in section 1983 actions, see e.g., Hutto v. Finney, 437 U.S. 678 (1978), we will not undertake to fashion a predeprivation procedure which will have no bearing on this case.[2]
 
 Case No. 88-C-1098W
 
 10
 Appellant's second lawsuit involves the disposal of his typewriter. Appellant was notified in writing that, pursuant to prison policy, he could no longer keep the typewriter because he was not engaged in an activity requiring a typewriter. The notice stated that he had thirty days to remove the typewriter from prison property and that it would be confiscated if it was not removed.
 
 
 11
 Appellant filed a grievance requesting that he be allowed to keep the typewriter for a correspondence course and for pending legal matters. The request was denied. Appellant was notified that he could retain the typewriter only after obtaining authorization from the warden. His request for authorization was also denied.
 
 
 12
 Appellant contends that he was denied equal protection of the laws under the fourteenth amendment because other similarly situated prisoners are allowed to keep their typewriters. As an example, appellant refers us to prisoner Kelly Boren. Mr. Boren, however, received authorization from the warden to keep his typewriter because he was enrolled in a school program sponsored through the prison. Appellant is enrolled in no such program. Instead, the record indicates he is enrolled in a correspondence course that he selected. Limiting the warden's authorization to those prisoners enrolled in prison-sponsored school programs is a regulation that is reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78 (1987). Without such a regulation, the potentially unlimited number of prisoners enrolled in a correspondence course of their own choosing claiming a constitutional right to a typewriter could pose security hazards and hamper general correctional administration. See Report and Recommendation, No. 88-C-888 G, July 20, 1990, at 10. Therefore, we affirm the district court's dismissal.
 
 
 13
 Appellant also argues that his typewriter was confiscated in retaliation for his filing of inmate grievances. The district court found that the confiscation was consistent with prison policy and was not an act of retaliation.
 
 
 14
 The district court's findings of fact will not be overturned unless they are clearly erroneous. Fed.R.Civ.P. 52(a); Amoco Prod. Co. v. Western Slope Gas Co., 754 F.2d 303, 309 (10th Cir.1985). A finding of fact is clearly erroneous if it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made. LeMaire v. United States, 826 F.2d 949, 953 (10th Cir.1987).
 
 
 15
 The record indicates that appellant's typewriter was confiscated because he was not enrolled in school. The notices he received support the district court's finding that the typewriter was taken pursuant to prison policy. Therefore, we conclude that the district court's ruling is not clearly erroneous.
 
 Case No. 88-C-1166S
 
 16
 Appellant's third lawsuit involves various items that were confiscated. The property included cassette tapes and a case, a three ring binder, pencils, a mirror, typewriter ribbons, and a photo album. Some of these items, including the pencils, were returned.
 
 
 17
 Appellant was notified that this property was unauthorized and that it would be donated unless he arranged for its disposal. Appellant requested storage until his discharge, but this was not an available option. Appellant took no additional action and the property was donated.
 
 
 18
 Appellant contests the district court's finding that the cassette tapes and the other miscellaneous property were no longer authorized property. After reviewing the record, the evidence supports the district court's finding.
 
 
 19
 The district court's order is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The U.S.P. issued its policy pursuant to Utah law which provides in pertinent part:
 Offenders may retain personal property at correctional facilities only as authorized by the department. An offender's property which is retained by the department shall be inventoried and placed in storage by the department and a receipt for the property shall be issued to the offender. Offenders may be required to arrange for disposal of property retained by the department within a reasonable time, under department rules. Property retained by the department shall be returned to the offender at discharge, or to the offender's legal representative in the case of death prior to discharge.
 Utah Code Ann. Sec. 64-13-15(1)(a) (1990).
 The policy's purposes include preventing contraband from being hidden in appliances and reducing conflicts over property between inmates. Record, supp. vol. 1, at 68-69.
 
 
 [2]
 Appellant also contests the district court's finding that he voluntarily donated his radio/cassette player and fan to Ms. Derr. Given our affirmance of the district court's ruling that respondents have qualified immunity from suit, we need not address this issue